Ramapo Police Dept. v B.F. (2024 NY Slip Op 24185)

[*1]

Ramapo Police Dept. v B.F.

2024 NY Slip Op 24185

Decided on June 18, 2024

Supreme Court, Rockland County

Fried, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on June 18, 2024
Supreme Court, Rockland County

Ramapo Police Department, Petitioner,

against
B.F., Respondent.

Index No. 17/2024

Counsel for Petitioner: Ramapo Town Attorney by Beth Finkelstein, Esq.
Respondent: Pro Se
Applicant: Pro Se 

David Fried, J.

The Court has read and considered the Application of C.F. dated February 1, 2024 with annexed exhibit and the record of the hearing conducted before the undersigned on February 23, 2024. Upon such reading and consideration, the Application is disposed as follows:
The above-captioned matter ("Petition") is a proceeding in which Petitioner Ramapo Police Department, by Police Officer B., Shield No. XXXXX ("Petitioner"), sought entry of an Extreme Risk Protection Order against Respondent B.F. ("Respondent"). The Petition resulted in the issuance and service of a Final Extreme Risk Protection Order.
Separate and apart from the aforesaid Petition, but nonetheless related, C.F. ("Applicant"), the father of Respondent, brought an application dated February 1, 2024, under the same Index Number as the Petition, for the return of firearms, rifles or shotguns to their lawful owner pursuant to CPLR §6343(5)(b) ("Application"). The Application — not the Petition — is the subject of this Decision & Order.
In the Application, the Applicant alleges as follows: that he is the lawful owner of a 9mm Glock 19 [Serial Number XXXXX] ("firearm"), which he voluntarily surrendered to the custody of the Sheriff of Rockland County in connection with the underlying Petition against Respondent (the Applicant's son); that there is no legal impediment to Applicant's possession of the firearm; that Applicant is a victim of domestic violence; that Respondent is banned from Applicant's residence by virtue of an Order of Protection issued by a local criminal court; and, that Applicant will continue to secure the firearm either in his locked bedroom, on his person, in a secure safe, and or at Applicant's place of business. Annexed to the Application, Applicant provides a copy [*2]of his Rockland County Carry Concealed / Semi Rifle Permit [Lic. No. XXXXX issued on August 16, 1999 by Schwartz, J.] ("permit"). The Court observes that the firearm appears on Applicant's permit. By virtue of his Application, the Applicant seeks an Order from this Court which would return the firearm to him from the Sheriff's custody.
Although the Application annexed a copy of the permit as an exhibit thereto, proof of ownership of the firearm was not provided. Instead of dismissing the Application, on February 2, 2024, the Chambers of the undersigned noticed a hearing for February 23, 2024 in connection with the Application — not the Petition ("hearing notice"). The hearing notice directed, among other things, that, "[Applicant] shall bring with him to the hearing proof of ownership of the firearm [ ]."
The hearing was conducted on February 23, 2024 as scheduled. Petitioner appeared by counsel. Applicant appeared pro se. In addition to the testimony provided therein, the following exhibits were admitted into the hearing record: Order of Protection issued by the local criminal court dated July 8, 2024 (Exhibit A), and various records of the Ramapo Police Department (Exhibit B). The Court took judicial notice of the Petition, Application, and hearing notice.
Applications of this nature are governed by CPLR §6343(5)(b), which states as follows:
"If [a person such as the Applicant here] demonstrates that he or she is the lawful owner of any firearm, [ ] surrendered [ ] pursuant to [an Extreme Risk Protection Order], and provided that the court has made a written finding that there is no legal impediment to the person's possession of a surrendered [ ] firearm, [ ] the court shall direct that such firearm, [ ] be returned to such lawful owner and inform such person of the obligation to safely store such firearm, [ ] in accordance with section 265.45 of the penal law (emphasis added)."
Thus, in order for the firearm to be returned to the Applicant, the record must establish: (a) that the Applicant is the lawful owner of the firearm; and (b) there must be no legal impediment to the Applicant's possession of same; and (c) if both prongs are satisfied, then it is the Court's duty to inform the Applicant that he has an obligation to safely store the firearm pursuant to the penal law.
Thus, lawful ownership is a threshold issue. The statute does not define ownership nor does it provide direction as to what the Court should consider to assess lawful ownership. In Liere v. Alan E. Fricke Memorials, Inc., 79 Misc 3d 132(A), 194 N.Y.S.3d 416 (Table), 2023 WL 5352684, 2023 NY Slip Op. 50865(U) (Sup. Ct. App. Term 9 & 10 JD, Aug. 17, 2023), the Court noted that:
" . . . 'When presented with a question of statutory interpretation, a court's primary consideration is to ascertain and give effect to the intention of the Legislature. We have long held that the statutory text is the clearest indicator of legislative intent, and that a court should construe unambiguous language to give effect to its plain meaning. In the absence of a statutory definition, we construe words of ordinary import with their usual and commonly understood meaning, and in that connection have regarded dictionary definitions as useful guideposts in determining the meaning of a word or phrase. Where the statutory language is unambiguous, a court need not resort to legislative history. Further, a statute must be construed as a whole and ... its various [*3]sections must be considered together and with reference to each other' (Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524 [2019] [internal quotation marks and citations omitted]) (emphasis added)."
It is readily apparent that the Legislature intended that CPLR §6343(5)(b) be read in conjunction with the Penal Law — at the very least, Penal Law §§265.45 (because it is mentioned in the statute) and 400.00 (because licensing is essential to assess the impediment to possession prong of the section). In connection with the safe storage advisory prong, the statute specifically embraces Penal Law §265.45. That Penal Law section draws a distinction between ownership and possession, to wit: "No person who owns or is custodian of a rifle, shotgun or firearm . . . " (emphasis added). Thus, the Penal Law is mindful of those who own and those who have a custodial or possessory right. The distinction between ownership and possession is apparent elsewhere in the statute. More specifically, the first step is to establish "lawful owner[ship]" and once that is achieved, the Court is to examine "legal impediment[s] to [ ] possession" (emphasis added). Thus, here, ownership and possession are distinct.
The Applicant posits that his permit, supra, establishes ownership. Thus, a preliminary issue at bar, is whether a pistol license, which lists firearms on it, establishes ownership of the firearm(s) listed thereon.
It is undisputed that the Applicant has a permit. It is also undisputed that the Applicant's permit lists the firearm relevant to this proceeding. The firearm at issue here is a 9mm Glock 19 — a pistol. Penal Law §400.00(2) addresses the various types of firearms licenses in this state. As to pistols, the licensing statute provides as follows:
"...A license for a pistol or revolver, other than an assault weapon or a disguised gun, shall be issued to (a) have and possess in his dwelling by a householder; (b) have and possess in his place of business by a merchant or storekeeper; (c) have and carry concealed while so employed by a messenger employed by a banking institution or express company; (d) have and carry concealed by a justice of the supreme court in the first or second judicial departments, or by a judge of the New York city civil court or the New York city criminal court; (e) have and carry concealed while so employed by a regular employee of an institution of the state, or of any county, city, town or village, under control of a commissioner of correction of the city or any warden, superintendent or head keeper of any state prison, penitentiary, workhouse, county jail or other institution for the detention of persons convicted or accused of crime or held as witnesses in criminal cases, provided that application is made therefor by such commissioner, warden, superintendent or head keeper; (f) have and carry concealed, without regard to employment or place of possession subject to the restrictions of state and federal law, by any person; . . . "
As to pistols such as the firearm at issue here, the pistol license — such as the one which the Applicant has annexed to his Application and referenced during the hearing — only indicates an ability to possess and delineates the method of possession. The licensing statute codified at Penal Law §400.00(2) is neither reflective nor an indicia of ownership. There is no provision in the entirety of Penal Law §400.00 which legislates that a pistol license establishes ownership of a firearm listed on the permit. 
Accordingly, submission of his permit does not satisfy the threshold lawful ownership prong of CPLR §6343(5)(b). As such, the Application fails. Mindfully, and in furtherance of due process and fundamental fairness, the Court reminds the Applicant that the hearing notice, supra, directed, among other things, that, "[Applicant] shall bring with him to the hearing proof of ownership of the firearm [ ]." Irrespective of the foregoing, he did not do so. Certainly, however, leave is granted to the Applicant to make further application, hereafter, upon proper proof of lawful ownership.
In sum, the fact that the firearm at issue appears on the Applicant's permit is simply authority to possess that firearm; same does not establish lawful ownership for purposes of CPLR §6343(5)(b). Certainly, one may own a pistol that is listed on his/her pistol permit, but same is not self-authenticating nor conclusive-in-fact as to ownership. In fact, the Court takes judicial notice that a single firearm can be listed on multiple licenses, affording multiple licensed persons the opportunity to possess the same firearm. At bar, the Applicant has not established that he is the lawful owner of the firearm at issue herein. 
In light of the foregoing, it is hereby
ORDERED, that the Application of C.F., pursuant to CPLR §6343(5)(b), for the return of a 9mm Glock 19 [Serial Number XXXXX] firearm, is DENIED, but without prejudice to refile a new Petition with proper proof of lawful ownership of said firearm; and it is further
ORDERED, that Petitioner shall serve a copy of this Decision & Order, with Notice of Entry, upon the Applicant, within ten (10) days hereof, by certified mail. Promptly file an Affidavit of Service.
DATE: June 18, 2024
New City, New York
E N T E R:
HON. DAVID FRIED, A.J.S.C.